**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARTA OLIVIA RODRIGUEZ, et al, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO. C-06-90 |
| NOBLE & PITTS, INC., and CONSTANZA CASILLAS as Personal Representative of the Estate of Carlos Casillas, | § § § § § § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiffs' Motion to Remand (D.E. 8) the above-styled action for lack of subject-matter jurisdiction.  For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 156th Judicial District Court of San Patricio County, Texas, where it was originally filed and assigned Cause Number S05-5899CV-B.

## I.  BACKGROUND

On September 29, 2005, Plaintiffs Marta Olivia Rodriguez, Marcela Casillas Rodriguez, Adriana Casillas Rodriguez, and Esteban Casillas Rodriguez (collectively, "Plaintiffs") filed suit in Texas state court against Defendants Noble & Pitts, Inc., and Constanza Casillas, in her capacity as personal representative of the estate

of Carlos Casillas (collectively, "Defendants").[1]  Plaintiffs filed the suit individually, as well as on behalf of the Estate of Roman Casillas, deceased, and several of Roman Casillas' minor children. The Plaintiffs alleged that, on July 20, 2005, Roman Casillas suffered fatal injuries while a passenger in a Freightliner truck, driven by Carlos Casillas, an employee of Noble and Pitts, Inc. (Pls.' Orig. Pet. ("POP") at ¶ 2.)  Plaintiffs further alleged that both Carlos Casillas and Noble & Pitts committed negligence which proximately caused the death of Roman Casillas.  (POP at ¶¶ 4, 24.)

On February 27, 2006, Defendant Noble & Pitts removed the case to this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In particular, Noble & Pitts claimed that Defendant Constanza Casillas, a citizen of the state of Texas[2], had been "fraudulently joined as a Defendant in this lawsuit for the sole purpose of defeating diversity among the parties."  (Notice of Removal ("NOR") at § VI.)  Noble & Pitts argued that, ignoring the citizenship of Constanza Casillas, "there is complete diversity of

---

[1] Plaintiffs' Original Petition also asserted claims against Freightliner Corporation and Freightliner, LLC.  In November 2005 and February 2006, however, Plaintiffs non-suited their claims against these two Defendants.

[2] Because Plaintiffs sued Constanza Casillas only in her capacity as representative of Carlos Casillas' estate, it is Carlos Casillas that is relevant for diversity purposes.  See 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").  At the time of his death, Carlos Casillas was a citizen of Texas.  (POP at ¶ 3.)

citizenship between the Plaintiffs and the only proper party to this lawsuit."  (NOR at § VI.)

On March 20, 2006, Plaintiffs filed a Motion to Remand (D.E. 8) the case back to state court, arguing that Constanza Casillas was a proper party to the lawsuit and had not been fraudulently joined.  On March 23, 2006, Noble & Pitts filed a response in opposition to Plaintiffs' motion.  (D.E. 9.)  On April 3, 2006, Constanza Casillas filed a response in support of Plaintiffs' motion, arguing that there was no complete diversity because she and the Plaintiffs were all Texas citizens.  (D.E. 11.)

## II.  DISCUSSION

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction.  See 28 U.S.C. § 1441(a).  The removing party--as the party seeking the federal forum--bears the burden of showing that federal jurisdiction exists and that removal was proper.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Id.; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (stating that all doubts "should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of

demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000.  See 28 U.S.C. § 1332(a).  It is well-established that the diversity statute requires "complete diversity" of citizenship.  A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted).  In analyzing diversity jurisdiction, however, a court may disregard the citizenship of parties that have been *improperly* joined.  See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc). The rationale of this doctrine of improper joinder (also known as "fraudulent joinder") is that the right of removal should not "be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914); Smallwood, 385 F.3d at 573.

The burden of proving fraudulent joinder, however, is on the defendant, and that burden is a "heavy one." Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999).  The defendant either must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (citation omitted).  Only the second method of establishing improper joinder is at issue in this

-4-

case, and the test under this second approach is whether "there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. (emphasis supplied).  When applying this test, a court must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party . . . [and] determine whether that party has any possibility of recovery against the party whose joinder is questioned."  Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000).  In determining the possibility of recovery under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  Smallwood, 385 F.3d at 573.  "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."  Id.

In this case, Plaintiffs (Texas citizens) have sued Constanza Casillas (also a Texas citizen) in her capacity as representative of the estate of Carlos Casillas, deceased.  Under Texas law, if a potential defendant in a wrongful death action dies before the case is filed, the Plaintiff may sue the representative of the estate instead.  See Tex. Civ. Prac. & Rem. Code §§ 71.002 and 71.008. Thus, Plaintiffs may sue Constanza Casillas for the alleged negligence of Carlos Casillas.  The only remaining question is whether Plaintiffs have stated a claim of negligence against Carlos

Casillas.

In order to state a claim for negligence, Plaintiffs must allege "three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." See, e.g., Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Plaintiffs have alleged all three elements in this case. First, Plaintiffs alleged that Roman Casillas was a passenger in a truck driven by Carlos Casillas. (POP at ¶ 2.) It is well-settled that drivers of motor vehicles owe their passengers and others a duty to act with ordinary care under the circumstances. See, e.g., Tri v. J.T.T., 162 S.W.3d 552, 562 (Tex. 2005) (stating that an individual "owes a duty to the public to drive with reasonable care"); see also 8 Tex. Jur. 3d Automobiles § 517. Second, Plaintiffs alleged that Carlos Casillas was negligent, which by definition is a claim that he did not exercise reasonable care. See, e.g., Dunnings v. Castro, 881 S.W.2d 559, 561 (Tex. App.--Houston 1994) (stating that "[n]egligence is defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm"); Karnes City v. Kendall, 172 S.W.3d 624, 629 (Tex. App.--San Antonio 2005) (same). Third, Plaintiffs alleged that, as a "proximate cause of the negligence of the Defendants, they have suffered serious and permanent damages." (POP at ¶ 24.) Therefore, Plaintiffs have alleged all the elements

of a negligence action against Carlos Casillas through his estate.

Noble & Pitt's only remaining argument in favor of improper joinder is that Plaintiffs have not yet served Constanza Casillas. The Fifth Circuit, however, has expressly stated that:

> [A defendant's] non-diverse citizenship cannot be ignored simply because [she] was an unserved defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). Therefore, Constanza Casillas has been properly joined and the Court lacks subject-matter jurisdiction over this case.

## III. CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand (D.E. 8) is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 156th Judicial District Court of San Patricio County, Texas, where it was originally filed and assigned Cause Number S05-5899CV-B.

SIGNED and ENTERED this 13th day of April, 2006.

_____
Janis Graham Jack
United States District Judge

-7-